IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**CHRISTOPHER R. SANDLIN ADC #136830**                                     **PLAINTIFF**

**V.**                        **CASE NO. 2:09CV00051 JMM**

**MICHAEL T. HUMPHREY, ET AL.**                                        **DEFENDANT**

**ORDER**

Pending before the Court are Plaintiff's Motion in Limine to Exclude Mental Health Records and all Other Disciplinary Records and Testimony (#219) and Defendants' Motion in Limine (#222). For the reasons stated below, Plaintiff's motion is denied and Defendants' motion is granted.

Plaintiff's request to exclude all evidence related to his mental health and disciplinary records are based upon the protections set forth in the Health Insurance Portability and Accountability Act ("HIPAA") and his contention that any medical records unrelated to the October 9, 2008 alleged attack are not relevant and lack probative value.

The Court finds that Plaintiff waived his HIPAA protection when he filed this lawsuit and that Plaintiff's mental health and disciplinary records which would have impact on the October 9, 2008 incident are relevant to the issues of this case.

Defendants seek to exclude any reference to (1) Plaintiff's transfer to the Varner Super Max Unit; (2) any evidence or testimony regarding other grievances written against the Defendants by Plaintiff, or other inmates, pertaining to other incidents; (3) any adverse

employment actions received by the Defendants during the course of their employment with the Arkansas Department of Corrections ("ADC"); (4) Defendants' personnel files and work history with the ADC; and (5) records or testimony regarding Defendants' interactions with other inmates not directly related to the events of October 9, 2008.

As previously stated, Plaintiff's claims in this lawsuit are solely based upon an alleged incident that occurred on October 9, 2008, and involve only allegations of excessive force and denial of medical care by Defendants Seccer Cole and Michael Humphrey. Allegations regarding Plaintiff's transfer in 2010 to Varner are not relevant to this case and neither are Defendants' personnel files including any adverse employment actions, grievances previously filed by Plaintiff or other inmates, work history unless such evidence is directly related to the October 9, 2008 incident.

Finally, the Court will deny Plaintiff's request for a jury instruction on spoliation of the evidence and restrict any testimony regarding this issue at trial. Plaintiff contends that Defendants have withheld or destroyed a video tape of the October 9, 2008 cell extraction. However, Plaintiff's own testimony is that that he became complaint which negated the use of any video tape to record a cell extraction.

IT IS SO ORDERED THIS  28    day of   April  , 2011.

_____
James M. Moody
United States District Judge